IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANNETTE SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-00336 |
| | ) | |
| v. | ) | |
| | ) | |
| TRANS UNION, LLC, and | ) | |
| AUTOMOTIVE CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, ANNETTE SALAZAR, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against TRANSUNION, LLC, and AUTOMOTIVE CREDIT CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ANNETTE SALAZAR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chesterton, County of Porter, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by and 15 U.S.C. §1681a(c).

1

6. TRANSUNION, LLC, (hereinafter, "Trans Union") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

7. At all relevant times Trans Union was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Trans Union was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. AUTOMOTIVE CREDIT CORPORATION, (hereinafter, "ACC") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Indiana, is a citizen of the State of Indiana.

10. At all relevant times, ACC was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

IV. **ALLEGATIONS**

**COUNT I: ANNETTE SALAZAR v. TRANSUNION, LLC**
**FOR VIOLATIONS OF THE FCRA**

12. Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

13. The inaccurate information of which Plaintiff complains is an account, or trade-line, named Automotive Credit Corp.

14. Specifically, Plaintiff asserts that her account with Automotive Credit Corp., is being reported with a past due balance beyond the obsolescence period as mandated by 15

U.S.C. §1681c and that Automotive Credit Corporation has "re-aged" the account so that it continues to be reported on Plaintiff's credit reports (hereinafter "the inaccurate information")

15. Presently, Defendants are reporting the account with a last payment having been made on April 12, 1999 and with a past due balance of $22,562.

16. Despite the foregoing, Trans Union has disseminated credit reports and/or information with the Automotive Credit Corp., account continuing to be included in Plaintiff's credit report.

17. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

18. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. In or around October 2016, in or around December 2016 and again in or around April 2017, Plaintiff disputed the inaccurate information with Trans Union

20. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified ACC of Plaintiff's dispute and the nature of the dispute.

21. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, ACC received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, Trans Union received the results of ACC's investigation as to Plaintiff's dispute.

23. Upon information and belief, Trans Union updated the reporting of the account(s) at issued solely based upon the information it received from ACC in response to Plaintiff's dispute.

24. Despite Plaintiff's efforts to date, Trans Union has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

25. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Adverse action pertaining to credit application for car loan;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

26. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

27. At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

28. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

29. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II: ANNETTE SALAZAR v. AUTOMOTIVE CREDIT CORPORATION, FOR VIOLATIONS OF THE FCRA

30. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

31. ACC violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

32. ACC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Automotive is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V. JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANNETTE SALAZAR, by and through her attorneys, respectfully pray for judgment in her favor and against TRANSUNION, LLC, and AUTOMOTIVE CREDIT CORPORATION as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Punitive damages; and,

    e.    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**ANNETTE SALAZAR**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: August 11, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com